[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: 2 July, 1993
Date of Application: 2 July, 1993
Date of Application Filed: 2 July, 1993
Date of Decision: 25 October, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. CR92-783070.
Anthony Bochicchio, Esq., for the Petitioner.
John Massameno, Esq., for the State.
BY THE DIVISION
CT Page 11840
The petitioner was convicted by a jury of four counts of assault on a Police Officer in violation of Conn. Gen. Stat.53a-167. The trial court imposed a sentence of fifteen years suspended after serving ten years with two years probation. The record shows that the petitioner, while in the booking area of the Bristol Police Department, refused to go into a cell as ordered. Three sheriffs tried to get him into the cell and were unsuccessful. Two other Bristol Police Officers were needed to finally put the petitioner in his cell. During the physical struggle to put the petitioner in his cell he assaulted Sheriff Palmer by punching him in the face twice, knocking his glasses off and dazing him. Sheriff Palmeri was punched on the right side of the face and Officer Robert's was punched several times, breaking his glasses and cutting his face. He received 13 stitches for four different cuts on his face. Finally, Sheriff Varnum sustained a cut above his nose which required treatment at an emergency room.
At the hearing before the Division, counsel for the petitioner called the sentence imposed by the trial court excessive. Counsel informed the panel that the only assaults on the petitioner's record came when he was under the influence of alcohol. Counsel also opined conspiratorially that the petitioner was assaulted in the lockup because he gave the town of Bristol notice of suit on another incident. Noting that the petitioner only threw six punches, in self defense, and that none of the victims received permanent injuries, counsel urged this panel to reduce the petitioner's sentence.
The attorney for the state strongly opposed any reduction of sentence pointing out to the panel that the petitioner has had thirty-one prior convictions. Counsel showed that many of the arrests were assaultive in nature and that the petitioner was a very dangerous individual. It was the state's opinion that the courts have been very lenient with the petitioner in the past and the petitioner has abused the privilege of probation numerous times.
A review of the sentencing court remarks shows that she CT Page 11841 gave a detailed and thorough analysis of the petitioner's record and the facts surrounding his convictions. The court felt that the crimes committed by the petitioner strike right at the heart of the judicial system. It is the opinion of this panel that the sentence imposed by the court when measured by Practice Book Section 942 was appropriate for the nature of the crimes and the criminal history of the petitioner.
THE SENTENCE IS AFFIRMED.
Norko, J.
Klaczak, J.
Stanley, J.
Norko, J., Klaczak, J., and Stanley, J., participated in this decision.